# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WENDELL HORNE, (TDCJ # 2050540) | § § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-4262 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## ORDER TO TRANSFER

Wendell Horne, a Texas state inmate, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge two state-court convictions. For reasons set out below, the court concludes that this case must be transferred.

Horne challenges two criminal convictions for possession of a controlled substance with intent to deliver entered against him in the 54th District Court of McLennan County, Texas (Cause Number 2015-850-C2). He is currently confined at the Ramsey Unit in Rosharon, Texas, which is in Brazoria County. According to the statute that controls jurisdiction in this instance, the Houston Division is not the proper place for this action.

Because Horne is confined pursuant to judgments and sentences by a state court in Texas, which has more than one federal district, jurisdiction over the petition is governed by 28 U.S.C. § 2241(d), which provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for

the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.
. . .

The Fifth Circuit has clarified that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) in the district in which the state court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000). The only two factors that are relevant for purposes of federal habeas corpus review are the place of the petitioner's original state court criminal conviction and the place of the petitioner's ongoing incarceration. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363 (5th Cir. 2002).

McLennan County, where the challenged convictions were entered, is located in the Western District of Texas, Waco Division. *See* 28 U.S.C. § 124(d)(2). Brazoria County, where Horne is currently confined, is located in the Southern District of Texas, Galveston Division. *See id.* § 124(b)(1). Although Horne is currently incarcerated in the Southern District of Texas, the convictions that he challenges have no ties to the Houston Division. Under these circumstances, a transfer is appropriate. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction, where witnesses were located, was a more appropriate venue than the division of confinement in challenge to conviction).

The federal habeas corpus statutes provide that a district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It is policy in the Southern District of Texas to transfer habeas corpus petitions filed by state prisoners to the division in which the petitioner's underlying

conviction was entered. *See* General Order of May 30, 1985 (dictating that challenges to the conviction go to the division within the district where the conviction was entered). Because the state-court convictions at issue in this case were entered in the Western District of Texas, Waco Division, the petition will be transferred to that venue in compliance with Southern District policy.

The Clerk of Court will transfer this habeas corpus proceeding to the United States District Court for the Western District of Texas, Waco Division.

SIGNED on November 13, 2018, at Houston, Texas.

                                                  Lee H. Rosenthal
                                      Chief United States District Judge